IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKISHA BRADDY-ROBINSON, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-0286 |
| v. | (JUDGE CAPUTO) |
| HILTON SCRANTON HOTEL & CONFERENCE CENTER and GETAWAY WEEKEND VACATIONS, INC. d/b/a ADVENTURE UNLIMITED, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Motion for Leave to File an Amended Complaint by Plaintiffs Liskisha Braddy-Robinson, et al. (hereinafter "Plaintiffs") (Doc. 35); Defendant Hilton Scranton Hotel & Conference Center's (hereinafter "Hilton") Motion for Leave to File an Amended Answer to Assert a Cross-Claim against Defendant Getaway Weekend Vacations, Inc. d/b/a Adventure Unlimited (hereinafter "Getaway") (Doc. 28); and Defendant Getaway's Motion to Dismiss Plaintiffs' Complaint (Doc. 16).  For the reasons set forth below, Plaintiffs' motion to amend their complaint will be granted and Defendants' motions will be denied as moot.

## **BACKGROUND**

The events giving rise to this action occurred during a weekend trip coordinated by Getaway, a group tour operator, and held at Hilton's facilities in Scranton, Pennsylvania. Plaintiffs signed a contract with Getaway for a vacation package that was meant to take

place at the Woodlands Inn & Resort and included a number of activities to be offered over the course of the weekend.  Instead, Plaintiffs allege that they were told the Woodlands Inn was overbooked and were rescheduled to stay at the Hilton facility.  They further allege that many of the promised activities were not offered, those offered were sub-par, and that they were severely mistreated by both Hilton and Getaway staff.

In their original Complaint, filed February 15, 2008, Plaintiffs allege state and federal claims against both Defendants.  (Doc. 1.)  Hilton filed an Answer to the Complaint on June 16, 2008.  (Doc. 11.)  Getaway filed a Motion to Dismiss Plaintiffs' Complaint on June 25, 2008.  (Doc. 16.)

Hilton then filed a Motion for Leave to File an Amended Answer to Assert Cross Claims against Getaway on July 16, 2008.  (Doc. 25.)  This motion was denied by Order of the Court on July 18, 2008 for failure to comply with Local Rule 15.1(b).  (Doc. 27.)  Hilton renewed its motion the same day, filing attachments in compliance with the Local Rule.  (Doc. 28.)  Getaway filed its opposition brief to this motion on July 31, 2008.  (Doc. 33.)

Plaintiffs did not respond to Getaway's Motion to Dismiss by opposition brief.  Rather, they filed an Amended Complaint against both Defendants which was stricken by Order of the Court on July 29, 2008 for failure to follow Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1.  (Doc. 32.)  The Court then issued an Order, on August 5, 2008, directing Plaintiffs to respond to Getaway's Motion to Dismiss or otherwise communicate with the Court within fifteen (15) days.  (Doc. 34.)  Plaintiffs then filed their present Motion for Leave to File an Amended Complaint on August 8, 2008.  (Doc. 35.)  According to Plaintiffs, Hilton concurs in their motion.  (Br. in Supp. Pls.' Mot. to Amend

2

Compl. 2.)  Getaway filed a brief in opposition on August 29, 2008.  (Doc. 37.)  Plaintiffs' proposed Amended Complaint adds new factual averments, excludes two counts against Getaway included in the original Complaint, and amends the remaining counts against it, including additional facts and allegations.  (Doc. 35 Ex. C.)  The counts against Hilton remain unchanged from the original Complaint.  (*Id.*)

The above motions are ripe for disposition.

## LEGAL STANDARDS

### I.	Motion to Amend Pleadings

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981).  However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir.

1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz,* 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The most pertinent issue here is whether Plaintiffs' proposed amendments to their Complaint are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

### II.   Motion to Dismiss

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual

allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004). The Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiffs' proposed Amended Complaint contains nine (9) Counts, five against Hilton and four against Getaway. Count I alleges intentional infliction of emotional distress against Hilton. (Am. Compl. ¶¶ 87-92.) Count II alleges discrimination in violation of state law against Hilton. (*Id*. ¶¶ 93-98.) Counts III through V allege discrimination in violation of several federal statutes against Hilton. (*Id*. ¶¶ 99-121.) These Counts remain unchanged from the original Complaint. Counts VI through IX are against Getaway and allege, in the following order, breach of contract, fraud, negligent

5

misrepresentation, and violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law (UTPCPL).  (*Id.* ¶¶ 122-187.)  The proposed Amended Complaint excludes two Counts against Getaway included in the original Complaint, one alleging intentional infliction of emotional distress and the other alleging discrimination in violation of 42 U.S.C. § 1983.  (Compl. ¶¶ 114-119, ¶¶ 147-151.)

Plaintiffs argue that their motion to amend should be granted because none of the factors listed in *Foman* are present and there is thus no basis for denying leave to amend.  They assert that the amendments are meant to clarify deficiencies in their original Complaint raised by Getaway's Motion to Dismiss.  (Doc. 16.)  They argue that, contrary to prejudicing Getaway, the proposed Amended Complaint streamlines the legal issues in the case by dropping two counts and adding more specific facts and allegations to the remaining counts.

Getaway does not oppose Plaintiffs' motion to amend their factual averments or breach of contract claim.  (Def. Opp'n Br. to Pls.' Mot. to Amend Compl. 2 n.1.)  It opposes Plaintiffs' motion as to their tort claims against Getaway, contending that the amendments should be barred as futile.  Getaway argues that Plaintiffs' tort claims are based solely on duties arising from the parties' contract and as such are illegitimate attempts to gain additional damages for a breach of contract.  It argues that tort claims under these circumstances should be rejected under the "gist of the action" doctrine and/or the "economic loss" doctrine, as articulated under Pennsylvania law.

Getaway does not argue that it has been prejudiced by Plaintiffs' attempts to amend their complaint, nor that any of the *Foman* factors are present apart from futility. The Court agrees with Plaintiffs that dropping several counts and adding more specific

facts and allegations will serve to narrow and clarify the legal issues to which Getaway must respond. Because Getaway has not been prejudiced, there is no argument Plaintiffs have demonstrated bad faith or undue delay, and this is Plaintiffs' first proposed amendment to the complaint, leave to amend should be "freely given" unless it is futile. *See Lorenz*, 1 F.3d at 1414. The Court will address Getaway's argument that amending Plaintiffs' tort claims would be futile because the claims are barred by the gist of the action and economic loss doctrines.

### I.     **Gist of the Action Doctrine**

Pennsylvania's gist of the action doctrine is designed to preserve the conceptual difference between breach of contract claims and tort claims by preventing plaintiffs from recovering in tort for breach of contract. *Toledo Mack Sales & Servs. v. Mack Trucks, Inc.*, 530 F.3d 204, 229 (3d Cir. 2008) (citing *eToll Inc. v. Elias/Savion Adver. Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). "The focus of the analysis under the 'gist of the action' doctrine is whether 'actions lie from a breach of the duties imposed as a matter of social policy' or 'from the breach of duties imposed by mutual consensus.'" *Id.* (quoting *Redevelopment Auth. of Cambria County v. Int'l Ins. Co.*, 685 A.2d 581, 590 (Pa. Super. Ct. 1996) (en banc)). Specifically, the doctrine bars tort claims:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*eToll*, 811 A.2d at 19.

Getaway argues that Plaintiffs' claims are based solely on duties arising from the parties' contract.  However, Plaintiffs' proposed Amended Complaint includes allegations that Getaway misrepresented that certain activities would be provided which encouraged Plaintiffs to choose the particular vacation package they purchased.  (Am. Compl. ¶¶ 143, 155.)  It could be inferred from this that the focus of the fraud, negligent misrepresentation, and UTPCPL claims is Getaway's alleged misrepresentations inducing Plaintiffs to enter the contract, not the contract itself.

In *Foster v. Northwestern Mut. Life*, the U.S. District Court for the Eastern District of Pennsylvania declined to apply the gist of the action doctrine at the early stages of litigation where it was unclear whether the alleged fraud related to the performance of or the inducement to enter the contract at issue.  No. 02-2211, 2002 U.S. Dist. LEXIS 15078, at *7 -*8 (E.D. Pa. July 29, 2002).  If plaintiff showed the latter, the court noted, the "larger social policies" of a tort action would be implicated.  *Id.*  Similarly here, it is as yet unclear whether circumstances warranting application of the gist of the action doctrine will come to light.  It is clear, however, that granting Plaintiffs leave to amend so as to make their factual and legal allegations more specific, particularly as to their motivations for entering the contract, cannot be considered futile for purposes of Federal Rule of Civil Procedure 15(a).

## II. **Economic Loss Doctrine**

The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract."  *Duquesne Light Co v.*

*Westinghouse Elec. Corp.*, 66 F3d 604, 618 (3d Cir. 1995).  In other words, it operates to limit a plaintiff to contract-based recovery "when the loss of the benefit of the bargain is the plaintiff's sole loss ...."  *Id.*  The doctrine developed in the products liability context to prevent tort recovery where the only injury was to the product itself.  *See East River S.S. Corp v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986) (adopting the doctrine in an admiralty products liability case).  Within the Third Circuit, it has since been applied in the context of service contracts, *see, e.g., Palco Linings, Inc. v. Pavex, Inc.*, 755 F. Supp. 1269, 1272 (M.D. Pa. 1990), negligent misrepresentation claims, *see, e.g., Duquesne*, 66 F.3d at 620, fraud claims, and the UTPCPL.  *See, e.g., Werwinski v. Ford Motor Co.*, 286 F.3d 661, 681 (3d Cir. 2002).

While the doctrine could potentially be applicable to Plaintiffs' tort claims, it is again not yet clear whether it must be applied to them so as to render amendment futile. Plaintiffs' proposed Amended Complaint includes non-economic damages, including mental anguish, emotional distress, and embarrassment.  (Amended Compl. ¶ 188.)

> That a plaintiff may not sue in tort for economic losses arising from a breach of contract ... does not preclude the possibility of a tort action between parties to a contract.... [W]here the elements of the tort can be pled in good faith, a plaintiff is not precluded from asserting [a tort claim] against a defendant whose conduct may also constitute a breach of contract between the parties.

*Valley Forge Convention & Visitors Bureau v. Visitor's Servs.*, Inc., 28 F. Supp. 2d 947, 951 (E.D. Pa 1998).

As in the above discussion, it is unclear at this early stage whether the economic loss doctrine may ultimately be applicable to Plaintiffs' tort claims.  However, it is also not a certainty that the claims cannot withstand a renewed motion to dismiss.  Therefore,

9

allowing their amendment cannot be considered futile under the economic loss doctrine for purposes of Rule 15(a).

## CONCLUSION

Because the gist of the action and economic loss doctrines do not render the amendments to Plaintiffs' tort claims futile, Getaway would not be prejudiced by allowing the Amended Complaint, and Getaway does not argue that any other limiting factor is present, leave to amend should be "freely given."  The Court will grant Plaintiffs' Motion for Leave to to File an Amended Complaint (Doc. 35).  In light of this decision, the Court need not reach Hilton's Motion for Leave to File an Amended Answer to Assert a Cross-Claim against Getaway (Doc. 28) or Getaway's Motion to Dismiss Plaintiffs' Complaint (Doc. 16) and will deny them as moot.

An appropriate Order follows.


September 24, 2008                          /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LAKISHA BRADDY-ROBINSON, et al.,

    Plaintiffs,

    v.

HILTON SCRANTON HOTEL &
CONFERENCE CENTER and GETAWAY
WEEKEND VACATIONS, INC. d/b/a
ADVENTURE UNLIMITED,

    Defendants.

CIVIL ACTION NO. 3:08-CV-0286

(JUDGE CAPUTO)

## ORDER

**NOW**, this 24th day of September, 2008, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 35) is **GRANTED**.

2. Defendant Hilton Scranton Hotel & Conference Center's Motion for Leave to File an Amended Answer to Assert a Cross-Claim against Defendant Getaway Weekend Vacations, Inc. d/b/a Adventure Unlimited (Doc. 28) is **DENIED** as moot.

3. Defendant Getaway Weekend Vacations, Inc. d/b/a Adventure Unlimited's Motion to Dismiss Plaintiffs' Complaint (Doc. 16) is **DENIED** as moot.

4. The Clerk of Court is directed to detach the Amended Complaint (Doc. 35) attached to Plaintiffs' Motion and file it of record forthwith. The Amended Complaint shall be deemed to have been served on the date of this Order for the purpose of determining the time for response under Fed. R. Civ. P. 15(a).

                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge